SUSAN E. DORR vs. CITY OF BOSTON.

Under the Rev. Sts. c. 7, an unmarried woman, an inhabitant of this state, is not taxable here for the principal or income of shares in corporations, held in trust by trustees residing in another state, to pay the income to her.

An inhabitant of this state, who has no personal property or taxable income, may maintain an action against the city of his residence to recover back a tax unlawfully assessed to him on property held in trust for him.

ACTION OF CONTRACT to recover back the amount of a tax assessed upon the plaintiff's " personal estate or income " on the first of May 1851.   The case was submitted to the decision of the court upon the following facts :

The plaintiff was and is a single woman and an inhabitant of Boston, and owned real estate there on which she paid a tax for that year.   But she owned no personal estate, and was in the receipt of no income taxable by the laws of Massachusetts, unless she was taxable upon stock of certain corporations in New York and other places not within this commonwealth, vested in and belonging to two citizens of New York, in trust to pay over the income, dividends or interest thereon to the plaintiff, and upon which said trustees were liable to pay and did pay taxes in New York in 1851.

H. Ritchie, for the plaintiff.

A. A. Ranney, (City Solicitor,) for the defendants.  1. All property, whether within or without the State, belonging to inhabitants of the State, is to be taxed here.  Rev. Sts. c. 7, § 4.  Great Barrington v. County Commissioners, 16 Pick. 572.   Holton v. Bangor, 23 Maine, 264.   Report of Commissioners on Rev. Sts. c. 7, § 4 ; § 10, cl. 5, & notes.   Taxes are to be assessed upon the beneficial owner of property, and not upon him who has only the technical title.  " All personal property held in trust by any trustee, the income of which is to be paid to any other person " than a married woman, " shall be assessed to such person in the town of which he is an inhabitant."   Rev. Sts. c. 7, § 10, cl. 5.   If the property itself was not taxable, at least the income was.   Bates v. Boston. 5 Cush. 93.

2. The plaintiff, being domiciled in Boston, and liable to be taxed there for her personal property and income, cannot maintain this action; but her only remedy was by application for an abatement. *Osborn* v. *Danvers*, 6 Pick. 98. *Preston* v. *Boston*, 12 Pick. 7. *Bates* v. *Boston*, 5 Cush. 93. *Howe* v. *Boston*, 7 Cush. 273. *Bourne* v. *Boston*, 2 Gray, 494.

METCALF, J. The agreed fact, that the plaintiff, in 1851, owned no personal estate, and was in the receipt of no income taxable in this state, unless she was taxable for the property in the hands of her trustees in New York, or for the income thereof, is a conclusive answer to the objection taken by the defendants, that her remedy, if any, was an application to the assessors for an abatement of the tax assessed upon her. This precise point was adjudged in *Preston* v. *Boston*, 12 Pick. 7.

The only open question in the case therefore is, whether the plaintiff was legally taxable for shares in the stock of corporations established in New York and other places without this state, or for the income of those shares, the legal title to which was vested in trustees residing in New York, and held by them " in trust to pay over the income, dividends or interest thereon, to the plaintiff." And this question is to be decided upon the provisions of the Rev. Sts. *c.* 7, and not upon any considerations of supposed policy or equity. The rules of taxation are wholly of statute provision.

It is clear that the plaintiff was not taxable under § 4 of *c.* 7 for stocks in moneyed or other corporations without the State; because she was not the legal owner of such stocks : nor for income from any profession, trade or employment, or from an annuity; because the income from the foreign stocks held by her trustees was not derived from either of these designated sources of taxable income.

The only other part of *c.* 7 on which the defendants attempt to justify the tax in question is § 10, *cl.* 5, in these words : " All personal property, held in trust by any executor, administrator or trustee, the income of which is to be paid to any married woman or other person, shall be assessed to the husband of such married woman, or to such other person, respectively, in the town

of which he is an inhabitant; but if such married woman or other person reside out of the State, the same shall be assessed to said executor, administrator or trustee, in the town where he resides." If there be on the words of this clause, taken alone, any doubt whether property held in trust, and required to be assessed to the *cestui que trust,* includes property out of the State, held by trustees residing out of the State, that doubt is removed by an examination of the history of the legislation on this very matter.

The commissioners, who were appointed to prepare a revision of the statutes, assumed that it was "the general intent of our system of taxation, that the inhabitants of the State should be liable to assessment for all their property, whether within or without the State." They accordingly prepared *c.* 7 on this assumed principle. In § 4, they provided that personal estate should, for the purpose of taxation, "be construed to include the value of all lands without this state, estimated in money;" and in § 10, *cl.* 5, they provided that if personal property should be held in trust by a person residing without the State, and the person for whose benefit the property should be so held should reside within the State, "then the person entitled to such benefit" should "be assessed for the same, in like manner as if the legal title thereof were vested in him." Commissioners' Report, part I, pp. 25, 27, 33, 34. But these provisions were stricken out by the legislative committee to whom the work of the commissioners was referred, and §§ 4 and 10 were reported as they now stand ratified by the legislature. This is decisive proof that it was the will of the legislature to reject the policy of taxation which was assumed by the commissioners.

*Judgment for the plaintiff.*